**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffery Bernstein, | No. CV-21-08174-PCT-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| State of Arizona, *et al.*, | |
| Defendants. | |

At issue are the Complaint (Doc. 1) and Amended Complaint (Doc. 15), Plaintiff's Request to Open this Case to the Public (Doc. 14), and Plaintiff's Request for 30 Day Extension to Serve All Defendants (Doc. 19).

The Court has reviewed the Complaint and Amended Complaint and finds that the contents and form of Plaintiff's pleadings do not comply with the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 8(a) requires as follows:

> A pleading that sets forth a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no jurisdictional support, (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Even where a complaint has the factual

elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim," it may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

In addition, Federal Rule of Civil Procedure 10(b) requires that:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Plaintiff's *pro se* status does not provide an excuse for his failure to comply with the Court's Rules. *See Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000) (stating "a *pro se* litigant is not excused from knowing the most basic pleading requirements"); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008-09 (9th Cir. 1986) (stating "although *pro se*, [the plaintiff] is expected to abide by the rules of the court in which he litigates").

The contents of Plaintiff's 877-page Complaint, or Plaintiff's 253-page Amended Complaint, are far from a short, plain statement of Plaintiff's claim and the basis for the Court's jurisdiction to adjudicate the claim, as required by Rule 8(a), and indeed most of the statements in the Complaint and Amended Complaint are either unintelligible or unrelated to any discernable legal claim. Moreover, the allegations are not in separate, numbered paragraphs, as required by Rule 10(b). One of the main purposes of these Rules is to give notice to Defendants and the Court of Plaintiff's claim and its legal basis; the Complaint and Amended Complaint provide no such notice. The Court must therefore strike the Complaint and Amended Complaint, but the Court will give Plaintiff an opportunity to file a Second Amended Complaint that complies with all of the Rules applicable to litigation in this Court.

With regard to Plaintiff's Request to Open this Case to the Public (Doc. 14), in which Plaintiff seeks to unseal his already-denied, sealed Motion for an Immediate Injunction (Doc. 2), the Court cannot redact a document filed by Plaintiff so that it can be

filed on the public docket, nor can the Court file all but the confidential portion of a document filed by Plaintiff on the public docket. Plaintiff may file another copy of the Motion (Doc. 2) on the public docket, if that copy has the confidential information redacted (blacked out). If Plaintiff chooses to file a redacted copy of the Motion on the public docket, he must do so by attaching the redacted Motion to a "Notice of Filing Redacted Copy of Motion for Immediate Injunction (Doc. 2)."

The Court notes that, in his Motion (Doc. 14), Plaintiff also requests that the Court add information contained in the Motion for Immediate Injunction (Doc. 2) to the Complaint. This request does not comply with any of the Rules applicable to this Court. A complaint must stand on its own, and any materials Plaintiff wishes to reference must be attached to the complaint. Moreover, the Local Rules provide that an amended pleading may not incorporate by reference any part of a preceding pleading, LRCiv 15.1(a); again, the pleading must stand on its own.

Plaintiff also asks the Court prospectively for more time to respond to any motions to dismiss filed by Defendants (Doc. 14), but that request is moot, as is Plaintiff's Request for 30 Day Extension to Serve All Defendants (Doc. 19). Because the Court will strike the Complaint and Amended Complaint, no operative pleading presently exists in this case.

IT IS THEREFORE ORDERED striking Plaintiff's Complaint (Doc. 1) and Amended Complaint (Doc. 15) for failing to comply with Federal Rules of Civil Procedure 8(a) and 10(b).

IT IS FURTHER ORDERED that Plaintiff may file a Second Amended Complaint that complies with Rules 8(a) and 10(b) no later than 30 days from the date of this Order. If no Second Amended Complaint is timely filed, the Clerk of Court shall dismiss this action without further Order of the Court.

IT IS FURTHER ORDERED denying Plaintiff's Request to Open this Case to the Public (Doc. 14).

. . . .

. . . .

IT IS FURTHER ORDERED denying as moot Plaintiff's Request for 30 Day Extension to Serve All Defendants (Doc. 19).

Dated this 14th day of December, 2021.

_____
Honorable John J. Tuchi
United States District Judge